UNIVERSAL PAPER GOODS
COMPANY, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

No. 78–3325.

United States Court of Appeals,
Ninth Circuit.

Aug. 8, 1979.

Linda S. Klibanow, Parker, Milliken, Clark & O'Hara, Los Angeles, Cal., for petitioner.

Chris Katzenbach, Washington, D. C., for respondent.

Before WRIGHT and KENNEDY, Circuit Judges, and HATFIELD,* District Judge.

PER CURIAM:

The employer petitions for review of the Board's bargaining order, and the Board cross-petitions for enforcement. The issue is whether the Board abused its discretion in determining that employee Wier was ineligible to vote because she had retired at the time of the representation election. We find that substantial evidence proved Wier's retirement and we order enforcement.

I

In December 1977, Wier told Company Chairman Biber at the company Christmas party that she was retiring. Company President Powell then spoke at the party, introduced Wier, and said, "I hear you're planning to leave us," and gave her a retirement check. She was honored at a retirement party by her coworkers, and her departure was announced in the company bulletin.

She ceased work on December 29. Biber then instructed Universal's personnel di-

* Of the District of Montana.

rector to place her on two-months leave of absence to "allow [Wier] to come back when she wanted to, if she wanted to." Universal continued to pay for Wier's health insurance during that period. She did not request a leave of absence, and was unaware of it until January when her son, a company supervisor, informed her of it.

In January 1978, Wier applied for Social Security retirement benefits. However, some time in January, she allegedly changed her mind about retiring and decided to return to work. She did not tell Universal of her decision to return and at a company party on January 22 she saw Biber but said nothing about wanting to return. She voted at the February 2 representation election but did not return to work until February 8.

A union challenge to Wier's ballot was upheld by the Board, and the union was certified. Thereafter, Universal refused to bargain, believing that Wier's decisive ballot should have been counted. The Board found that Universal had violated § 8(a)(1) and (5) of the Act, 29 U.S.C. § 158(a)(1), (5), and issued a bargaining order.

## II

■ Generally, to vote in a representation election an employee must work both on eligibility date and on the election date. *NLRB v. New England Lithographic Co.*, 589 F.2d 29 (1st Cir. 1978). Substantial evidence here showed that Wier clearly terminated her employment before the election. She said she was retiring and received a going-away check and a party from her coworkers and stopped working at the end of the year. These facts established her retirement. *See Whiting Corp. v. NLRB*, 200 F.2d 43, 44–45 (7th Cir. 1952).

Her application for Social Security retirement benefits also evidenced her retirement. *NLRB v. Staiman Bros.*, 466 F.2d 564, 566 (3d Cir. 1972) (Board abused its discretion in not reconsidering finding that one was an employee when new evidence showed that he had applied for permanent and total disability benefits from Social Se-

curity). *But cf. NLRB v. Adrian Belt Co.*, 578 F.2d 1304, 1310 (9th Cir. 1978) (employee's application for disability and unemployment benefits found to have minimal probative value because different considerations were involved.).

Universal's unilateral action in placing Wier on a temporary leave of absence and in paying health insurance premiums does not require a contrary finding. That action was never communicated directly to Wier before her retirement. *See NLRB v. Staiman Bros.*, 466 F.2d at 566 n.2 (clear communication is required). Although Wier was told by her son in January that Universal had placed her on a temporary leave, she expressed no desire to return to work until after the election had taken place. Thus, she neither manifested a clear intent to accept the leave status nor expressly disclaimed her previously announced retirement. Further, even if she had accepted health benefits, that would not show an interest to return to work in light of her prior manifestation of an intent to retire.

■ These facts distinguish this case from *Valley Rock Products, Inc. v. NLRB*, 590 F.2d 300 (9th Cir. 1979), and *NLRB v. Adrian Belt Co., supra*, cited by Universal as support for its position that Wier was on leave status. In those cases, the employees had not manifested a clear intent to retire.

On the facts presented here, we find no abuse of the Board's broad discretion. The petition for review is denied. The Board's cross-petition for enforcement is granted.